JACOB BLOOMSTEIN *vs.* BRIEN & WOODWARD and CALEB. COPE and wife *vs.* JORDAN BROWN.

### April Term, 1877.

PRACTICE—MOTION TO REMAND—UNNECESSARY PARTY.—An officer in whose hands is a writ the execution of which is sought to be enjoined, is not a necessary party to the suit, and the complainant cannot be allowed to treat him as a party for the mere purpose of delay, and cannot, therefore, have the cause remanded to the rules because the bill has not been taken for confessed against him.

*Ed. Baxter*, for complainants.

*M. M. Brien*, for defendants.

THE CHANCELLOR :—These causes having been regularly called for hearing on the trial docket, the complainants. moved that they be remanded to the rules, upon the ground that one of the defendants in each case had not answered, nor had the bills been taken for confessed against him. The object of both bills is to enjoin the execution of a writ of possession issued from the circuit court, upon the order of that court confirming the report of the tax collector of sales of realty for taxes under the act of 1873, and directing the sheriff to put the defendants in possession of certain lots as

purchasers. Brien & Woodward were the purchasers of·
Bloomstein's lot, and Brown of the lot of Cope and wife.
Each bill attacks the validity of the tax sale. To each bill
E. D. Whitworth, the sheriff, is made a defendant, because·
having the writ of possession, in his official capacity, to be
executed. In neither bill is any discovery or relief sought·
as to him. He was, for the execution of the writs, the
mere agent of the parties in whose favor and at whose·
instance the writs respectively issued. No decree could be·
had against him even for costs upon a *pro confesso*. *McGav-·
ock* v. *Elliott*, 3 Yerg. 373; *Blanton* v. *Hall*, 2 Heisk.
423; *Montgomery* v. *Whitworth*, 1 Tenn. Ch. 176; *Hext* v.
*Walker*, 5 Rich. Eq. 5. The same would be true of a pri-·
vate agent. *Boyd* v. *Vandenkemp*, 1 Barb. Ch. 287. He
was an utterly unnecessary party, whose presence could not·
affect the case the one way or the other. *Edney* v. *King*,·
4 Ired. Eq. 474; *Lackay* v. *Curtis*, 6 Ired. Eq. 474. To·
allow him to be treated as a party by the complainants, for·
the mere purpose of delay, cannot be tolerated. A *pro·
confesso* against him would be a mere form. *Wright* v.·
*Wilson*, 2 Yerg. 294.

Upon examination, I find in the Bloomstein case that,
although included in the injunction, no process of subpœna.
has ever been taken out against the defendant Whitworth,
the bill having been filed July 17, 1875. This is an aban-
donment of the suit as to him. In the case of Cope and
wife he is included in the subpœna, which he "excepts,"
but not in the injunction. This bill was filed on the 21st of
July, 1875. The answer of the real defendants was filed
on the 29th of June, 1876.

The motion must be disallowed.